United States District Court
Southern District of Texas
**ENTERED**
September 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:16-CR-701-1 |
| | § | |
| DELMAR ANGEL CALDERON | § | |

## FINDINGS AND RECOMMENDATION ON PLEA OF GUILTY

Senior United States District Judge Hayden Head referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On September 20, 2016, the Defendant appeared with counsel before the undersigned magistrate judge and was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

1.      The Defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the Defendant in a prosecution for perjury or for making a false statement;

2.      The Defendant was advised of the Defendant's right to a jury trial, the right to the presumption of innocence, the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt. The Defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear on the Defendant's behalf, and the right to testify on the Defendant's behalf or to remain silent. The Defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the Defendant's behalf, and the right to remain silent;

3.      The Defendant was advised that Count One of the indictment charged a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), which

makes it unlawful for any person knowingly and intentionally possess with intent to distribute more than five kilograms of cocaine, a Schedule II Controlled Substance;

  4. The Defendant was advised that the United States must prove each of the following elements beyond a reasonable doubt: (1) the Defendant knowingly possessed a controlled substance; (2) the Defendant possessed the substance with the intent to distribute it; and (3) the substance was in fact cocaine, a Schedule II Controlled Substance; and (4) the weight of the cocaine was at least five kilograms;

  5. The Defendant was advised that the minimum and maximum possible sentence included a minimum prison term of ten years and a maximum term of life without probation, parole, or suspended sentence; the Defendant was further advised that a fine of up to $10,000,000 could also be imposed; the Defendant was further advised that after the prison sentence was served the Defendant would be subject to a minimum supervised release term of five years and a maximum period of supervised release of life; if the Defendant violated supervised release, the Defendant could be required to return to prison for up to five more years; the Defendant also was advised that even if the Defendant received the maximum five year sentence for violation of supervised release, if the Defendant had not completed the full term of supervised release, the Defendant could be re-released to supervised release, and if revoked again, could receive up to a five year sentence again; the Defendant was advised that this could happen multiple times until completing the term of supervised release; the Defendant also was advised that a mandatory $100 special assessment applied to this felony conviction; the Defendant was also advised that if the District Judge imposed any fine, community restitution up to the amount of the fine could also be imposed;

  6. The Defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); the Defendant further stated that he understood and had discussed with his attorney how the guidelines might be calculated in his case and applied to him; and

  7. The Defendant was advised that his written plea agreement with the United States included a promise that, in exchange for his plea of guilty to Count One, the United States would recommend the maximum allowable credit for acceptance of responsibility and a prison sentence at the lowest end of the applicable guideline range as decided by the District Court.

  The Defendant stated that he had received a copy of the Indictment and he understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty. The Defendant further stated that the plea of guilty was

made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the Defendant a certain sentence. The Defendant stated that he understood that if he did not receive the sentence hoped for, he could not withdraw his plea of guilty. The undersigned finds the Defendant to be sufficiently competent to enter a plea of guilty.

The Defendant pleaded guilty to the offense of possession with the intent to distribute more than five kilograms of cocaine, a Schedule II Controlled Substance, as charged in Count One of the Indictment. When questioned about the guilty plea, the Defendant admitted that on or about July 30, 2016, the Defendant had knowingly possessed a controlled substance, the Defendant possessed the substance with the intent to distribute it, the substance was in fact cocaine, a Schedule II controlled substance, and the weight of the substance was at least five kilograms. The Defendant further admitted that the factual basis in support of the guilty plea, as set forth in the parties' stipulation, was true and correct.

The undersigned United States Magistrate Judge finds that Defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the Defendant's plea of guilty, and enter a finding that the Defendant is guilty as charged in Count One of the Indictment.

Respectfully submitted this 20th day of September, 2016.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).